Matter of Ebanks v Sing Sing Corr. Facility

2026 NY Slip Op 02490

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Omar Ebanks, Appellant,

v

Sing Sing Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Decided and Entered:April 23, 2026

CV-25-0485

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Finkelstein, Meirowitz & Eidlisz, LLP, Old Westbury (Levi Grosswald of counsel), for appellant.

David F. Wertheim, State Insurance Fund, Albany (Ryen Destefano of counsel), for Sing Sing Correctional Facility and another, respondents.

[*1]

Ceresia, J.

Appeal from a decision of the Workers' Compensation Board, filed March 18, 2025, which denied claimant's Workers' Compensation Law § 137 request to preclude an independent medical examination report.

In January 2023, claimant, a correction officer, was injured at work and, in July 2023, his subsequent claim for workers' compensation benefits was established for various injuries. In October 2023, claimant's treating physician evaluated his injuries for permanency, and, upon determining that claimant's injuries had reached maximum medical improvement (hereinafter MMI) and that permanency had been demonstrated, found that claimant had sustained a 27% schedule loss of use (hereinafter SLU) of the right leg (knee), a 25% SLU of the right ankle, a 35% SLU of the right shoulder, a 5% SLU of the right elbow and a 25% SLU of the right wrist. Following a request made by the State Insurance Fund (hereinafter SIF) that claimant's injuries be evaluated for permanency, a Workers' Compensation Law Judge (hereinafter WCLJ) directed that claimant undergo an independent medical examination (hereinafter IME) by the carrier's consultant, which was conducted on April 26, 2024. In an IME-4 (Cover Sheet for Report of Independent Medical Examination) medical report, permanency was found for only two injury sites, and claimant was assessed with a 20% SLU of the right shoulder and a 10% SLU of the right knee. Claimant subsequently requested that the April 2024 IME report be precluded under Workers' Compensation Law § 137 and 12 NYCRR 300.2 because an IME-3 form (Independent Examiner's Report of Request Regarding Independent Medical Examination)FN1 was never filed when SIF filed an April 2, 2024 IME-5 (Claimant's Notice of Independent Medical Examination) form, along with instructions, scheduling the April 26, 2024 IME. At a May 2024 hearing, a WCLJ declined to preclude the April 2024 IME report. Upon administrative review, the Workers' Compensation Board affirmed the decision of the WCLJ in its entirety. The Board found that the April 2024 IME report should not be precluded, and may be considered, because it was in substantial compliance with Workers' Compensation Law § 137. Claimant appeals.

In addition to prohibiting "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee" (Workers' Compensation Law § 13-a [6] [a]; accord Matter of Petti v Asplundh Constr. Corp., 244 AD3d 1539, 1540 [3d Dept 2025]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]; Workers' Compensation Bd Release Subject No. 046-124 [Nov. 24, 2003]),FN2 the Workers' Compensation Law contains certain provisions and rules applicable solely to IMEs (see Workers' Compensation Law § 137; 12 NYCRR 300.2). As relevant here, the Workers' Compensation Law states that, "[i]f a practitioner who has performed or will be performing an [IME] of a claimant receives a request for information regarding [*2]the claimant, including faxed or electronically transmitted requests, the practitioner shall submit a copy of the request for information to the [B]oard within [10] days of receipt of the request" (Workers' Compensation Law § 137 [1] [b]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]). Copies of all responses to requests for information regarding a claimant (such as an IME), including all materials which are provided in response to such a request, are required to be "submitted by the responding practitioner to the [B]oard within [10] days of submission of the response to the requestor" (Workers' Compensation Law § 137 [1] [c]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]).

The Board's rules provide that a request for information, for purposes of Workers' Compensation Law § 137 (1) (b), "means any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity, including a claimant, an insurance carrier, or a third party administrator, that takes place or is initiated outside of the [IME], including a request or referral for examination and any communication related thereto, questions or inquiries related to the claimant or the examination, and the provision of information to the examiner for review in connection with a request for the examiner's professional opinion with regard to the claimant or the examination" (12 NYCRR 300.2 [b] [11]).FN3 "A report of an examination that does not substantially comply with the requirements of Workers' Compensation Law [§] 137 . . . shall not be admissible as evidence" for various enumerated purposes including, as relevant here, SLU (12 NYCRR 300.2 [d] [12]; see Matter of Olczyk v Verizon N.Y., Inc., 33 AD3d 1109, 1109 [3d Dept 2006]). "The Chair [of the Board] has prescribed the IME-3 form as the proper form for the independent medical examiner to file concerning both the submission of a request for information, and for the examiner's response to that request" (Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp Bd LEXS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; see Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp Bd LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]). However, in cases where an IME-3 form is not timely filed or not filed at all, the Board has consistently declined requests to preclude IME reports where the carrier properly filed an IME-5 form and instructions that included the purpose of the IME and the questions being posed to the carrier's consultant (see e.g. Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp Bd LEXS 344, *7 [WCB No. G151 1069, Jan. 18, [*3]2024]).

Here, the record reflects that SIF issued an IME-5 form, along with instructions for the examiner and attachments relating to claimant's job duties. Although no IME-3 form was filed, the IME-5 and instructions for the examiner were received by the Board on the same date and time. Moreover, the detailed instructions for the examiner that were filed with the IME-5 indicate the specific body parts to be examined at the April 2024 IME and requested that the examiner render findings on, among other things, MMI and permanency as well as the impairment percentage for all schedulable sites examined. The parties were also served with the IME-5 and instructions, and claimant does not argue otherwise or contend that he lacked notice of the scheduling of the April 2024 IME. In addition, the record demonstrates, as found by the Board, that an IME-4 form was timely filed along with the April 2024 IME medical report, that the report was served upon the parties and that it lists all the documents that were provided to the examiner in preparation for the IME (see Workers' Compensation Law §§ 13-a [4] [e]; 137; 12 NYCRR 300.2 [d] [4]). Contrary to claimant's contention, "[a]s a result of the 2014 amendments to 12 NYCRR 300.2 (d), only a form IME-4 and not an additional form IME-3 need be filed with a consultant's [IME] report" because the IME-3 would be redundant (Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp Bd LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]; see 12 NYCRR 300.2 [b] [11]; see also Workers' Compensation Bd Release Subject No. 046-769 [July 9, 2015]). We also note that neither Workers' Compensation Law § 137, nor the Board's rules, expressly require the use of an IME-3 form to satisfy the applicable notice and filing requirements (see Workers' Compensation Law § 137; 12 NYCRR 300.2).FN4 In view of the foregoing, we discern no abuse of discretion in the Board's finding that there was substantial compliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2 and that the April 2024 IME-4 report should therefore not be precluded (see Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]). Accordingly, we will not disturb the Board's decision. To the extent that claimant's remaining contentions are properly before us and have not been rendered academic by our decision, they have been considered and found to be without merit.

Clark, J.P., Fisher, Powers and Corcoran, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1

The IME-3 form may be used by a practitioner to report a request for information regarding a claimant's IME and/or to otherwise satisfy their filing obligations under Workers' Compensation Law § 137.

Footnote 2

To the extent that claimant argues that there was improper influence under Workers' Compensation Law § 13-a (6), this claim was never advanced before the Board and is therefore not properly before us (seeMatter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]).

Footnote 3

Although disclosure of substantive communication with the medical provider is required, the Board's rules do not require further filing with the Board when documents or records constituting the substantive communication are already part of the Board's file and are accessible to all parties (see 12 NYCRR 300.2 [b] [11]; see also Workers' Compensation Bd Release Subject No. 046-769 [July 9, 2015]).

Footnote 4

Language contained on the IME-3 form also suggests that, under the circumstances present here where an IME-5 form scheduling an IME along with instructions for the examiner were already filed, the filing of an IME-3 form was not necessary: "[i]f the request for information is limited to a request for scheduling of an [IME], you need not file this form. However, you must send a copy of Form IME-5" (Workers' Compensation Board, Independent Examiner's Report of Request for Information/Response to Request Regarding Independent Medical Examination, available at https://www.wcb.ny.gov/content/main/forms/ime3.pdf [last accessed March 20, 2026]).